**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 3, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES P. ASHLOCK, III,

Defendant-Appellant.

No. 06-3151

(District of Kansas)

(D.C. No. 05-CR-20027-001-JWL)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Defendant James Ashlock appeals his conviction by a jury of possessing a firearm in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2).

**I.**

Officer Dorsett of the Kansas City, Kansas Police Department began following Mr. Ashlock's white Jeep after receiving a report of a suspicious

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

vehicle in the area. When the jeep came to a stop, Officer Dorsett pulled up behind it. Officer Dorsett approached the Jeep's driver's side door and began questioning Mr. Ashlock. Mr. Ashlock initially cooperated with Officer Dorsett, but eventually fled on foot. During Officer Dorsett's pursuit, he observed that Mr. Ashlock was carrying a gun, and at one point he witnessed Mr. Ashlock firing the gun in his direction. Mr. Ashlock escaped, but through a tip from a neighbor, police eventually found him at his girlfriend's apartment, whereupon they arrested him and seized a handgun from the chair where he had been sitting.

Though police officers attempted to interrogate Mr. Ashlock as soon as they brought him to the station, even going so far as to obtain a signed *Miranda* waiver form, they soon determined that he was likely under the influence of illegal narcotics and unable to waive his rights knowingly and voluntarily. Thus, they ended the interrogation. The following day the police again read Mr. Ashlock his rights and proceeded to interrogate him. They did not obtain a signed waiver for the second interrogation. Mr. Ashlock admitted that the gun found by the police was the same gun he possessed while fleeing Officer Dorsett. Although the police recorded this interrogation, the tapes were lost or destroyed. At his subsequent trial, the jury found Mr. Ashlock guilty of possessing a firearm in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2).

Mr. Ashlock raises three issues on appeal. First, he argues that the district court should not have admitted his confession that he possessed a firearm because

the government did not prove that the confession was knowing and voluntary. Second, he contends that the district court erred in allowing Officer Dorsett to testify that he saw Mr. Ashlock shoot the gun during the chase because it was unfairly prejudicial. Third, he argues that juror bias prevented him from receiving a fair trial. For the reasons stated below, we AFFIRM the conviction.

## II.

Mr. Ashlock first argues that the destruction of the tape recordings of the police interrogation prevented the government from proving that his confession was knowing and voluntary. At trial, Mr. Ashlock objected to the admission of the transcript of his confession without proper foundation, but did not object to its substantive content after the government laid proper foundation. Because he did not object, we review the admission of his statements for plain error. *United States v. Castorena-Jaime*, 285 F.3d 916, 931 (10th Cir. 2002). To show plain error, Mr. Ashlock "must demonstrate that (1) the district court erred; (2) the error was plain; (3) the error affected [his] substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 926.

The district court did not err in admitting Mr. Ashlock's testimony. When determining whether a confession is voluntary, a court must look to the totality of the circumstances. *Mitchell v. Gibson*, 262 F.3d 1036, 1059 (10th Cir. 2001). In this case, the police waited to interrogate Mr. Ashlock until after he was no

longer under the influence of drugs. Before questioning him, they read him his *Miranda* rights and confirmed that he understood them. There is no evidence that the police used coercive tactics to force Mr. Ashlock to confess. Accordingly, the district court did not err in finding that Mr. Ashlock's confession was voluntary.

Mr. Ashlock also mentions that the destruction of the tapes could have constituted a violation of his Due Process rights under *California v. Trombetta*, 467 U.S. 479 (1984), but he does not explain how. A *Trombetta* violation occurs when police destroy evidence that "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489. The defendant must also show that the destruction of the evidence was done in bad faith. *United States v. Pearl*, 324 F.3d 1210, 1215 (10th Cir. 2003) (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)).

After learning that the tape recordings had been destroyed, Mr. Ashlock filed a Motion to Suppress Evidence of Confession, relying on *California v. Trombetta* and claiming that the tape would have provided "crucial evidence" regarding his state of mind, thus "confirm[ing] his mental impairment despite what the transcript reflects." R. Vol. I, Doc. 44, at 1. But, Mr. Ashlock conceded at trial that the government did not act in bad faith. Consequently, Mr. Ashlock's *Trombetta* argument must fail.

## III.

Mr. Ashlock contends that admission of Officer Dorsett's testimony regarding Mr. Ashlock's use of the gun during the pursuit was unfairly prejudicial "other act" evidence that should have been excluded under Rules 404(b) and 403 of the Federal Rules of Evidence. Prior to the trial, the district court denied Mr. Ashlock's motion to exclude Officer Dorsett's testimony regarding the shot fired during his pursuit.

We review the district court's admission of evidence for abuse of discretion. *United States v. Jenkins*, 313 F.3d 549, 559 (10th Cir. 2002). We will overturn a district court's evidentiary ruling only if "it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error in judgment." *Id.*

Rule 404(b) prohibits the admission of evidence of a defendant's "other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, "[d]irect or intrinsic evidence of the crime charged does not fall within the ambit of the rule." *United States v. Green*, 175 F.3d 822, 831 (10th Cir. 1999). To carry its burden under 18 U.S.C. § 922(g), the government had to prove that Mr. Ashlock actually or constructively possessed the firearm. At trial, Mr. Ashlock argued that he did not know the gun was capable of firing, and thus did not knowingly possess a firearm.

Officer Dorsett's testimony regarding the shooting was thus not about unrelated or previous bad acts, but rather about Mr. Ashlock's actual possession of a functional firearm. Such testimony does not run afoul of Rule 404(b).

Even if evidence is admissible under Rule 404(b), Rule 403 allows judges to exclude evidence when the probative value of that evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury." Fed. R. Evid. 403. Evidence is unfairly prejudicial when it has the capacity "to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In considering whether evidence is unfairly prejudicial, a court must consider the availability of alternative probative evidence. *Id.* at 184–85.

Officer Dorsett's testimony that Mr. Ashlock shot his firearm did not create a risk of luring the factfinder into declaring guilt on different grounds than the crime charged. Possessing a firearm is intrinsic to shooting a firearm. The jury thus properly convicted Mr. Ashlock of possessing a firearm if it believed Officer Dorsett's testimony. Even if we thought the evidence created a small risk of unfairness, the potential alternative evidence does not have the same probative value as Officer Dorsett's testimony regarding Mr. Ashlock's use of the firearm. Without the testimony, the government's case rested only on Mr. Ashlock's constructive possession of the firearm at the time of the arrest. Because Officer

Dorsett's testimony was highly probative and went directly to the crime charged—actual possession of a firearm—it was not unfairly prejudicial to Mr. Ashlock. The district court did not abuse its discretion in admitting the testimony.

## IV.

Finally, Mr. Ashlock argues that his conviction stemmed from juror bias, and that the trial court should either have declared a mistrial or granted a hearing to determine whether juror bias existed. His claim rests on an acquaintance relationship between one of the jurors and the police officer who testified at trial regarding the functionality of the firearm. The juror in question did not recognize the name of the officer on the witness list provided by the court. Upon seeing the officer testify, the juror recognized him as the father of one of his daughter's softball teammates. The officer also recognized the juror. Both notified the court in a timely manner. After this information was disclosed, Mr. Ashlock filed a Motion for Order Declaring a Mistrial, which the court denied.

We review the district court's refusal to grant a mistrial based on juror bias for abuse of discretion. *United States v. Lawrence*, 405 F.3d 888, 903 (10th Cir. 2005). The appropriate test for determining whether potential juror bias tainted the fairness of a trial "is whether actual bias existed or whether the circumstances compel an imputation of inherent bias to the juror as a matter of law such that the

misconduct has prejudiced the defendant to the extent that he has not received a fair trial." *Id*. In this case, the district court determined that the "limited familiarity" between the witness and the juror did not indicate actual bias or create a circumstance that compelled an imputation of inherent bias. The district court recognized that neither the witness nor the juror intentionally concealed their relationship. Based on the record, we find this determination to be a permissible exercise of the district court's discretion.

**V.**

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge